UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JOSE B. SANCHEZ,

     Plaintiff,

v.                                            **No. 08cv0067 RB/ACT**

CITY OF ALBUQUERQUE,

     Defendant.

MEMORANDUM OPINION AND ORDER
DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on Plaintiff Jose B. Sanchez's application to proceed *in forma pauperis* ("IFP"), filed Jan. 17, 2008, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen his case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). The Court has also considered the City of Albuquerque's Motion to Dismiss for failure to state a claim, filed Jan. 31, 2008 (Doc. 5); Sanchez's first Motion for a Hearing, filed Feb. 11, 2008 (Doc. 9); Sanchez's second Motion for a Hearing, filed Feb. 19 , 2008 (Doc. 10); Sanchez's third Motion for a Hearing, filed Feb. 26, 2008 (Doc. 11); and Sanchez's fourth Motion for Hearing, filed March 10, 2008 (Doc. 13). The Court will dismiss the complaint without prejudice.

**I.  STANDARDS.**

To proceed without prepaying filing fees, a litigant must submit an affidavit showing that he "is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1). Screening the case under § 1915(e)(2) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or []  seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). "[I]n

order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. To be "unable to pay [filing] fees" does not mean that "one must be absolutely destitute to enjoy the benefit of the [IFP] statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, an IFP financial "affidavit is sufficient" if it demonstrates that "one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* (internal quotation marks and ellipsis omitted); *see Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (defining "poverty" as the term is used in the IFP statute as "to be wanting in material riches or goods; lacking in the comforts of life; needy") (internal quotation marks and bracket omitted).

In screening the complaint, the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

A complaint should be dismissed

> if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " *Macarthur v. San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS 17008, at *16 (10th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, --- U.S. ----,

127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)).  As we have explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10ᵗʰ Cir. 2007) (emphasis in original).

This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." [*Twombly*, 127 S. Ct.] at 1965 n. 3.  *See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C.*, 499 F.3d 663, 667 (7th Cir. 2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.").  The *Twombly* Court was particularly critical of complaints that "mentioned no specific time, place, or person involved in the alleged conspiracies." 127 S. Ct. at 1971 n. 10.  Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin." *Id.*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).

As mentioned, *supra*, because Sanchez proceeds pro se, the Court liberally construes his complaint.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But "[t]he broad reading of the [pro se] plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

[T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint.  Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Id.* (citations omitted).  The Tenth Circuit has held that a

> court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim.  *Cf. Denton v. Hernandez*, 504 U.S. 25, 34, 112 S. Ct. 1728, 118 L.Ed.2d 340 (1992) (holding that under a prior version of § 1915, "if it appears that frivolous factual allegations could be remedied through more specific pleading, a court of appeals reviewing a § 1915(d) disposition should consider whether the district court abused its discretion by dismissing the complaint with prejudice or without leave to amend").

*Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

A complaint also may be dismissed as frivolous under § 1915(e)(2) if it is premised on a nonexistent legal interest.  *See Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). Section 1915(e)(2) "rationally advances the legitimate goal of removing meritless cases from the federal dockets by allowing the courts to review *sua sponte* claims that are particularly likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to screen their potential claims."  *Curley*, 246 F.3d at 1285.

Under any of the above standards, it is clear that, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

## II. ANALYSIS.

The Court has carefully reviewed Sanchez' application to proceed IFP. his complaint, and his motions, and concludes that his motion to proceed  IFP should be denied and that his complaint must be dismissed for failure to state a claim under § 1915(e)(2).

The Court first notes that Sanchez, who lives only with his son, has not shown that he is unable to pay the filing fees while still providing for his and his son's necessities of life.  Although

he reports that he is a self-employed painter, he does not list his income from his work and states it has only been 2-3 weeks since he last worked. *See* Doc. 2 at 1. He states that he additionally receives a <u>net</u> income of $1200/month from his two rental properties and that he has $2000 in the bank. *See id.* He lists the value of his real property at $200,000. He owns a car worth $15,000 but has no car payment and his mortgage payments are $565/month. *See id.* The second page of his application to proceed IFP is confusing and inconsistent because Sanchez lists $700 in the "debt" column for rent (although the previous page states that he owns his house and pays a mortgage of a different amount); and he lists a total of "$1200" as a total monthly debt based on two properties, one of which is the same address as his home address. Nevertheless, on this record, and with job skills and money in the bank, Sanchez has not established personal poverty such that he is unable to pay court filing fees.

Reading Sanchez' complaint liberally, he contends that his 12-year-old son, who has attended both public and private schools, came home one day three years ago, asking "what was" the death penalty. Complaint at 1 (Doc. 1). Sanchez told him and then went up to his son's school the next day "to see why my son would ask that kind of" question. *Id.* Sanchez states he went to "all law inforsment [sic] and no one would tell me nothing." *Id.* He states that he and his son have been through a lot and that their "civil rights are being violated" in some unspecified way and by some unspecified person or entity. *Id.* Sanchez states that the "facts are: 1. my freedom of relagan (which the Court construes as the word "religion"); 2. my douther/pactinit confadalalae (which the Court construes as "doctor/patient confidentiality"); 3. my son's priveic act," (which the Court construes as his son's right to "privacy.")[1] *Id.* at 2. Sanchez states that he has "all the dates" of

---

[1] Although he does not name his son as a plaintiff, Sanchez claims that his son's civil rights have been violated. The Court notes that Sanchez may not bring claims pro se for, or on

5

alleged violations and he lists the names and telephone numbers of several private individuals, a psychiatric clinic, doctors and a psychologist, the Our Lady of Fatima school, the Albuquerque Public Schools, and the Albuquerque City Police.  *See id.*

The City of Albuquerque filed a motion to dismiss in lieu of an answer, contending that Sanchez has not stated facts upon which a claim for relief may be granted because he "alleges no action or omission whatsoever by the City, its officers, employees, agents or assigns, by which he has been damaged or any civil right or privilege of his has been violated or impinged in any way," and has failed to establish this Court's jurisdiction.  Doc. 5.

Sanchez has not responded to the City's motion to dismiss other than to file his motions for hearings.  In the first motion, Sanchez states only that his and his son's civil rights "are still being violated."  Doc. 11 at 1.  In the second motion, he states that his rights "are still being violated" and asks when the matter will come before the Court.  Doc. 10 at 1.  In his third motion, Sanchez states, "In the civiy law sute ther as bean moore informatin.  regarding this case.  I am simiting this to the court on 2/25/08.  1.  freedom of relagan  2.  Douther/pactin confadalalate 3.  Priveic act  4.  Right of my name as bean used without my concent."  Doc. 11 at 1.  Sanchez did not attach anything to the motion and requests a court date or a letter from the Court.  *See id.* at 3.

Under standards for reviewing a complaint under § 1915(e)(2), it is clear that Sanchez's complaint must be dismissed because he has failed to establish that he is unable to pay filing fees and has also failed state a claim for relief and to state facts to invoke this Court's subject-matter

---

behalf of, his child or any other person.  *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) ("We hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.").

jurisdiction. Sanchez does not explain what any City employee did to him, when the employee did it, how the employee's action harmed him, or how the action violated a particular right. *See Nasious*, 492 F.3d at 1163. He does not explain why this Court has jurisdiction over his complaint. To simply say that one's "freedom of religion" or "right to privacy" has been violated by someone at some time in the past does not remotely begin to satisfy the duty to "inform the defendants of the actual grounds of the claim against them." *Robbins*, 519 F.3d at 1249. Sanchez' complaint does not state a cognizable federal claim for relief and he has not alleged sufficient facts to state a claim that invokes federal jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, thus the Court must dismiss his complaint. And because Sanchez was given notice of the deficiencies in his complaint, his subsequent filings do not indicate that he has more facts that would state a claim for relief, and he did not request an opportunity to amend, and because the deficiencies are not mere technicalities and Sanchez is not even "close to stating a claim," *see Hall*, 935 F.2d at 1110, the Court will not extend an opportunity to amend this complaint.

If Sanchez chooses to pay the filing fee and submit a new complaint, he is reminded that the complaint must state, with specificity, what any City employee did to him, when the employee did it; how the employee's action caused damage to him, and what right was violated. *See Nasious*, 492 F.3d at 1163.

**WHEREFORE,**

**IT IS ORDERED** that Sanchez's application to proceed IFP (Doc. 2) is **DENIED** and the complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the City's motion to dismiss (Doc. 5) is **DISMISSED** as moot;

**IT IS FINALLY ORDERED** that Sanchez's four motions for hearings (Docs. 9, 10, 11, and

7

13) are **DISMISSED** as moot.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**